**Karl E. Seuring, Pro Se**
P.O. Box 2221
Kirkland, Washington 98083-2221
Email: keseuring@gmail.com
Telephone: (206) 669-8000

FILED
LODGED
RECEIVED — MAIL

OCT 26 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

# 20-CV-1585 JCC

FILED
Western District of Washington
at Seattle

OCT 26 2020

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

| | |
|---|---|
| KARL E. SEURING, an individual Resident of Redmond, Washington, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | UNLAWFUL EMPLOYMENT ACTION Disability Discrimination & Retaliation in Violation of the Americans with Disabilities Act |
| DELTA AIR LINES, INC. A Delaware Corporation; and ESIS, INC., a Pennsylvania Corporation, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## I.    PARTIES & JURISDICTION

NOW COMES the Plaintiff, KARL E. SEURING (herein after, SEURING or Capt. SEURING), appearing *Pro Se* as noticed in this Complaint against Defendants, DELTA AIR LINES, INC., a Delaware Corporation (herein after, DELTA) and ESIS, INC., a Pennsylvania Corporation (herein after, ESIS) respectively states as follows:

Page 1 - COMPLAINT

1. Plaintiff, SEURING is an individual and FAA licensed Airline Transport Pilot (ATP) who lives in Redmond, Washington that flew passengers in DELTA's airline service for over 30-years.

2. Upon information and belief, Defendant DELTA is a scheduled international flag air carrier, regulated by the US Government, guided by policy and rulemaking from the US Department of Transportation (DOT) and the Federal Aviation Administration (FAA) with DELTA's principle place of business located in Atlanta, Georgia. On information and belief, DELTA is licensed and conducts business in the State of Washington.

3. Upon information and belief, Defendant ESIS represents DELTA as an insurance risk and claims manager, wholly owned by Chubb, Ltd. of Zurich, Switzerland and regulated herein by the US Government with an office Capt. SEURING and his care providers communicated with that is believed to be in Scranton, Pennsylvania. On information and belief, ESIS is licensed and conducts business in the State of Washington.

## II.  GENERAL FACTUAL ALLEGATIONS

4. On Jul. 20, 1998, Capt. SEURING sustained a blunt-impact injury to his left arm, neck and back from his shuttle-bus fall onto an employee parking lot. Surgery records for SEURING's left wrist remits to an On-the-Job Injury (OJI) perfected by a Jan. 11, 2000 arbitration award  (Award) signed by Representatives of the Air Line Pilot's Association (ALPA) and DELTA.

5. On behalf of DELTA, ESIS facilitated and managed Capt. SEURING's OJI medical case records and reopened SEURING's New York State's Workman's Compensation (OJI) case to establish this complaint, not limited to 42 USC §12112, Sec. 102 *"Discrimination,"* and 42 USC §12203, Sec. 503, *"Retaliation and Coercion"* in

Page 2 - COMPLAINT

Titles I, III, VII and other sections of the American's with Disabilities Act (ADA) of 1990 & Amendments Act (ADAAA) of 2008.

> **42 USC §12102, *Sec. 3* (4)(A-C):  RULES OF CONSTRUCTION.**
> *The definition of "disability" in paragraph (5) shall be construed in accordance with the following:  (A) The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter. [para. (5) is ADA (1)]*

6.  Capt. SEURING's Jan. 11, 2000 Award questioned if DELTA had improperly refused to treat SEURING's injury as an OJI.  *"The Board finds that a Delta pilot who is injured while engaging in activities in the course of his ALPA business which arise out of and in the course of ALPA business should be treated as if he were injured while on business for the Company."*

> **42 USC §12102, *Sec. 3* (3)(A): REGARDED AS HAVING AN IMPAIRMENT.** *"An individual meets the requirement of being regarded as having such an impairment if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity,"*

7.  On Jan. 11, 2016, Capt. SEURING emailed his Chief Pilot Office (CPO) that he was contacted by DELTA for FAA / PMA "parts" he must make available and SEURING would be traveling to Atlanta.  The CPO replied, *"Nice job!! Stop by the office anytime to keep me informed."*

8.  Capt. SEURING's Atlanta meeting with DELTA's client occurred on Jan. 22, 2016. The following week Capt. Phillip "Phil" DAVIS (DAVIS) started to investigate SEURING.

9.  In DELTA's Apr. 13, 2017 Letter of Termination (LOT) Capt. James "Jim" Graham (GRAHAM) cites Apr. 19, 2016, when Capt. SEURING was operating a DELTA Boeing 767ER (B767ER) he had flown from Shanghai, China to Seattle.  SEURING

Page 3 - COMPLAINT

landed his B767ER and cleared the runway (TURN) and taxied to DELTA's passenger terminal at SeaTac Airport (KSEA).

10. Capt. SEURING disclosed to DELTA that he had experienced "pain" in his left hand while rotating a nose-wheel steering "tiller" on a B767ER after his KSEA landing.

> **42 USC §12102, *Sec. 3* (1)(A-C): *1) Disability*. - *The term "disability" means, with respect to an individual - (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."***

11. That day, Apr. 19, 2016, Capt. SEURING *called-in* SICK to DELTA Crew Scheduling for his next trip after he had discussed with Dr. Randal Franke (Dr. FRANKE) that recommended to SEURING he should *"rest his hand."*

12. Since 1979, independent FAA Aviation Medical Examiners (AMEs) have examined and reviewed Capt. SEURING medical records and issued his FAA Class I Medical Certification.

13. On Aug. 17, 2016, Capt. SEURING responded to a call from Capt. Rip Johnson (JOHNSON). When JOHNSON could not explain the purpose of Capt. DAVIS' Aug. 24th meeting, SEURING emailed JOHNSON further details on his Jan. 22, 2016 meeting in Atlanta with DELTA's TechOps client, *". . . there are safety of flight and FAA issues involved - here."*

14. On Aug. 24, 2016, when Capt. DAVIS first met with SEURING, DAVIS *lacked candor* and failed to disclose the "trigger" otherwise known as the TechOps' Jan. 22, 2016 meeting where SEURING was asked to meet with DELTA's B737 client. Capt. SEURING was asked by DELTA TechOps to present fuel tank Airworthiness Limitations to DELTA's B737 client since SEURING held FAA's design approval (STC).

Page 4 - COMPLAINT

15. Until 2018 AIR 00033 (TRIAL) discovery, Capt. DAVIS had not disclosed that he had promptly met with Mr. Todd HERRINGTON of DELTA Liaison Engineering nor, did DAVIS disclose to Capt. SEURING he had "paused" for Human Resources (HR) *after* DELTA had received PMA "parts" for its client's B737 from SEURING. DAVIS lacked candor and then testified at TRIAL the reason for his eight (8) month delay in meeting was that SEURING was "on vacation."

16. On Aug. 24, 2016, Capt. DAVIS placed Capt. SEURING on COBUS or "Company Business" until The Harvey Watt & Co. (HARVEY WATT) believed to be a fiduciary of Defendants for the Delta Pilots Disability and Survivorship Trust Plan (the PLAN) revised SEURING's flight schedule from COBUS to Sick Leave (SICK or STD) and Long Term Disability (SICK or LTD).

17. On Aug. 31, 2016, Capt. SEURING emailed his Seattle CPO on reasonable accommodations of low utilization and on other DELTA policy Capt. DAVIS alleged at the Aug. 24 meeting.

18. Defendant's policed alleged SICK leave abuse and Capt. DAVIS requested medical documentation from Capt. SEURING. DAVIS phoned Dr. FRANKE to validate Capt. SEURING's Apr. 19, 2016 sick leave call. Dr. FRANKE confirmed with DAVIS the conversation he had.

19. Undisputed at TRIAL and after Capt. DAVIS called Dr. FRANKE, DAVIS threatened Capt. SEURING that he would "blackball" him in the Seattle CPO. DAVIS said to SEURING, *"We will let you retire medically"* . . . *"If you don't, I will make sure you never fly for another airline."*

> **42 USC §12203, *Sec. 503* (b): INTERFERENCE, COERCION, OR INTIMIDATION**. *"It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."*

Page 5 - COMPLAINT

20. Capt. DAVIS *pounded home* DELTA's right to early retire or terminate Capt. SEURING even though SEURING's orthopedic surgeon, Dr. Thomas Trumble, MD (Dr. TRUMBLE) had faxed SEURING's medical records to ESIS at its Scranton, PA office on Feb. 17, 2017, some          59-days *before* DELTA had fired him.

21. On Apr. 13, 2017, the date of DELTA's Letter of Termination (LOT) Capt. SEURING was a Boeing 757 and 767ER International Captain based in Seattle, Washington (KSEA).

22. Capt. GRAHAM *harassed* Capt. SEURING, *"Even if your claim of involuntary movement of your hand was truthful, continuing to fly with uncommanded movement of your hand would severely compromise safety and violate §61.53 which prohibits an airman from flying . . ."*

23. On Apr. 13, 2017, absent reasonable accommodation, Defendants objected to Capt. SEURING's understandings and terminated him. Capt. GRAHAM fired SEURING and admits by LOT its *"trigger"* was SEURING's Jan. 22, 2016 TechOps meeting hosted by DELTA.

24. Defendants failed to prove with a medical examination its *"clear and convincing evidence"* under 42 USC §12112, *Sec. 102*, Ch. C(d)4(A) for DELTA's *"business necessity"* nor, record the *"nature or severity"* of SEURING's qualified impairment as a pathway for a return to work.

25. ESIS' failure to notify DELTA with SEURING's faxed OJI records and / or DELTA's *pretext styled* by Capt. GRAHAM to allege but is not limited to, *"uncommanded movement,"* and, *"you have produced no medical documentation to support your claimed sickness,"* is fraudulent, given the records produced by Capt. SEURING's medical providers, his testimony and FAA's 18-year prior review and approval of SEURING's Class I Medical Certificates.

Page 6 - COMPLAINT

26. Capt. DAVIS who investigated Capt. SEURING's case testified he was not a Medical Doctor.

27. Defendants produce no evidence that Capt. SEURING *ever* jeopardized safety, reported for duty sick or, intentionally operated any aircraft while sick.  Capt. GRAHAM *falls flat* when he harassed SEURING that his arm "*could not* experience *involuntary movement*" when Dr. FRANKE and Dr. Peter HOUCK independently approved SEURING's medical certification.

28. Capt. SEURING's communications and Capt. DAVIS' call to Dr. FRANKE and HARVEY WATT's disability benefits vetted for Capt. SEURING from Dr. TRUMBLE and the PLAN show 42 USC §12203, Sec. 503, "*Retaliation and Coercion*" are evident and were "triggered" from the Jan. 22, 2016 TechOps meeting that Defendant's admit by LOT influenced its adverse actions.

29. ADAAA law 2008 defines an impairment that is "*episodic or in remission*" as:
    > **42 USC §12102, *Sec. 3* 1(A)&4(D)&(E)(i)** "*. . . a disability if it would substantially limit a major life activity when active.*" . . . "*The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as: (III) reasonable accommodations . . .*"

30. Defendants admit pretext and mislead by medical testimony in its disciplinary process.  DELTA lawyers admit, "*they would have taken the same action . . .*" however, no damages were alleged in DELTA's Apr. 13, 2017 LOT of Capt. SEURING or produced for TRIAL.

31. Defendants harass Capt. SEURING, "*in the alleged absence of the protected activity*" and fail to show SEURING's pain was "*uncommanded or defaulting*" when no conflicting medical examination was produced and allegedly "*no medical documentation*" existed for Dr. Alan J. Parmet's (Dr. PARMET) testimony solicited for DELTA.

Page 7 - COMPLAINT

32. Defendant's misconduct to *"limit a major life activity"* absent any other comparable pilot discipline from its Safety Management System (SMS) is egregious and fraudulent.

33. DELTA produced no evidence but harassed Capt. SEURING using 14 CFR §61.53 *after* Defendants failed to dispute the Jan. 20, 2000 Award.

> **42 USC §12112 *Sec. 102*, Ch. 5(a). DISCRIMINATION;** *"not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."*

34. Admittedly, Defendants paid Capt. SEURING thru 2017 for his sick leave, long term disability and partial OJI medical expenses submitted to ESIS and HARVEY WATT - *when he did not fly.* However, DELTA *harasses* and excuses by an alternate "trigger" to allege a 14 CFR §61.53 FAA rule violation - *as if he had.*

35. Defendant's violated 42 USC §12112, *Sec. 102* (a) when Capt. GRAHAM terminated Capt. SEURING. Defendants discriminated by *"reasonable accommodation"* then terminated employment and refused to train for an Advanced Entitlement (AE) awarded upgrade.

> **42 USC §12112, *Sec. 102*, Ch. (a). GENERAL RULE.** *"No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."*

36. DELTA or Defendant's lawyers hired Dr. PARMET for his testimony of a "non-event" and Capt. GRAHAM that also never met nor, had ever spoken with SEURING admits, *"Your answers made little sense and your claim of a one-time involuntary movement of your hand without any medical support continues to lack credibility."*

Page 8 - COMPLAINT

Karl E. Seuring
P.O. Box 2221
Kirkland, Washington 98083-2221
(206) 669-8000

37. Defendant's admit but failed to produce at TRIAL a medical examination required by Section 102; CFR 12112(d) for its *"clear and convincing"* evidence to terminate.

> **42 USC §12112, *Sec. 102*, Ch. (d). MEDICAL EXAMINATIONS AND INQUIRY.** 4(A) Prohibited examinations and inquiries. - A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity.

38. On Jun. 4, 2018, ESIS emailed Capt. SEURING and *made little sense* that Defendants would not pay certain medical expenses for SEURING's OJI from the Award. ESIS closed SEURING's Workman's Compensation case before Dr. TRUMBLE had completed his OJI Maximum Medical Improvement (MMI) claim for the New York Workman's Compensation Board.

39. Upon knowledge of Capt. SEURING's OJI records from Dr. FRANKE, Dr. TRUMBLE and HARVEY WATT, Defendants continued in its retaliation of SEURING; to include DELTA's attorney *harassment* dated Sep. 3, 2019 as an internet POST ("POST") isolating the Jan. 22, 2016 invite to Atlanta from SEURING's medical records. DELTA's lawyer wrote, "*. . . it would have taken the same action in the absence of the alleged protected activity.*"

40. On Sept. 3, 2019, DELTA attorneys *harass* Capt. SEURING with the internet POST and condense the Administrative Law Judge's (ALJ) decision from TRIAL to *pivot* about SEURING as a "qualified employee" standard from ADAAA law. DELTA's lawyer published, *"And (3) even if he had satisfied his burden, Delta established with clear and convincing evidence that it would have terminated him in the absence of his alleged protected activity."*

41. However, the ALJ actually wrote, *"It is not for this Tribunal to second-guess Respondent's decision to terminate Complainant's employment when there is clear*

Page 9 - COMPLAINT

*and convincing evidence that it would have done so in the absence of any alleged protected activity."*

42. WHEREFORE, the Plaintiff, formerly employed by DELTA as an international airline Captain with a *clean* 30-year employment record and having served DELTA longer than any of his accusers, prays this Court shall review the ADAAA and FAA established standards and impose his legal rights with compensatory damages to restore Capt. SEURING's position with all back pay, profit sharing, disability benefits, training and retirement as afforded to him by his pilot seniority and legal rights for a pathway to return under the law.

43. Plaintiff hereby requests a TRIAL BY JURY.

44. FURTHER, the Plaintiff claims punitive damages for Defendant's egregious misconduct including its adverse actions and fraud shown to harass and harm Plaintiff; eclipsing the US Department of Labor by pretext and in a web posting of Capt. SEURING's name; damaging his reputation, to include a loss of past and future earnings; in a multiplier styled to penalize for dismissing FAA airworthiness and FAA medical standards, in an amount to be amended and decided by jury, that includes SEURING's reasonable attorney's fees and court costs.

## III.  CLAIMS

### FIRST CLAIM FOR RELIEF
### (Title I of the Americans with Disabilities Act)
### Count I – Discrimination

45. Plaintiff re-alleges all relevant paragraphs as though fully restated herein.

46. At all times material, DELTA was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

47. SEURING has an impairment, which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by Defendants as having such impairment.

48. After SEURING disclosed his disability to DELTA, defendants began to

Page 10 - COMPLAINT

discriminate against him as alleged above. Defendants discriminated against Plaintiff because of his disability and his requests for accommodations.

49. At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

50. Defendants' conduct violated 42 U.S.C. § 12112.

51. As a result of Defendants' unlawful conduct, Plaintiff suffered harm and is entitled to equitable relief and damages as set forth below.

## Count II – Retaliation

52. Plaintiff re-alleges all relevant paragraphs as though fully restated herein.

53. Defendants retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the ADA. Such actions by Defendants are in violation of the ADA.

54. As a result, Plaintiff suffered damages and is entitled to the damages and other relief set forth below.

## IV.  DAMAGES FOR CLAIMS

55. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

56. Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Plaintiff should be awarded past economic damages in an amount determined fair by a jury to compensate Plaintiff for lost employment opportunities, including but not limited to, promotions and raises. Plaintiff's economic damages are continuing in nature and are not presently known.

57. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

Page 11 - COMPLAINT

Karl E. Seuring
P.O. Box 2221
Kirkland, Washington 98083-2221
(206) 669-8000

58.    Plaintiff is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

59.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

60.    Plaintiff is entitled to post-judgment interest on all damages, costs and attorneys' fees from the date of judgment until the date paid.

61.    Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

62.    Plaintiff also seeks an award for such additional relief as justice may require.

## V. PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

(i)    A sum which will fully compensate Plaintiff for his non-economic damages in a sum that is just as determined by a jury;

(ii)    A sum which will fully compensate Plaintiff for his economic damages in a sum that is just as determined by a jury;

(iii)    Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

(iv)    Penalty wages;

(v)    Plaintiff's costs and disbursements incurred herein;

(vi)    Plaintiff's attorney fees; and

(vii)    For such other and further relief as the Court may deem just and equitable.

## VI. JURY DEMAND

Plaintiff demands a trial by Jury.

DATED:  October 26, 2020

FILED
Western District of Washington
at Seattle

OCT 2 6 2020

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

/s/ *Karl E. Seuring*
KARL E. SEURING
*Pro Se*

Page 12 - COMPLAINT

Karl E. Seuring
P.O. Box 2221
Kirkland, Washington 98083-2221
(206) 669-8000